# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICAN,
             Plaintiff,

             vs.                                        No. 99-10023-04-JTM

ROBERT TURNER,
             Defendant.


## MEMORANDUM AND ORDER


This matter is before the court on the defendant Robert Turner's Motion to Vacate

his sentence under 28 U.S.C. § 2255. Turner argues in his motion (Dkt. 334) that his

sentence was erroneous because a Hobbs Act robbery is not a "crime of violence" for

sentencing purposes. The defendant, acknowledging that his motion was a successive §

2255 motion which could not proceed in the absence of certification by the Tenth Circuit,

moved to stay the case (Dkt. 335) pending resolution of his request for certification.  The

court granted the stay. (Dkt. 339).

Because it has become apparent no certification is likely to issue, the court hereby

dissolves the stay. Indeed, the Tenth Circuit has rejected the premise of the defendant's

argument in another case. In *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1065-66 (10th

Cir. 2018), the court held that Hobbs Act robbery categorically qualifies as a "crime of

violence" under § 924(c)(3)(A), as it includes the use or threatened use of violent force as an element of the offense.

The court further declines to issue a certificate of appealability, which may be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing means that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). However, "[w]ith this controlling precedent [*Meglar-Cabrera*], reasonable jurists could not debate that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)." *United States v. Johnson*, 765 F. App'x 415, 416 (10th Cir. 2019) (declining to issue certificate).

IT IS ACCORDINGLY ORDERED, this day of June, 2019, that the defendant's Motion to Vacate (Dkt. 334) is hereby denied.


*s/ J. Thomas Marten*
J. Thomas Marten, Judge