IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                                  No. 99-10023-04-JTM

ROBERT TURNER,
        Defendant.

MEMORANDUM AND ORDER

Defendant Robert Turner has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides that the court may reduce a criminal sentence if there are extraordinary and compelling reasons which warrant such a reduction, and if the reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). Turner was convicted in 2001 of two counts of interference with commerce by threats or violence, and two counts of using a firearm during a crime of violence (in violation, respectively, of 18 U.S.C. § 1951 and 924(c)(1), and was sentenced to 510 months imprisonment.[1] (Dkt. 181). The defendant's convictions and resulting sentence were affirmed on appeal (Dkt. 210), and defendant's subsequent collateral attacks on his conviction have been denied. (Dkt. 216, 233, 236, 402).

---

[1] Turner's sentence reflected 210 months (imposed concurrently) on the robbery counts, 60 months on the first § 924(c)(1) count, and 240 months on the second. After subsequent decisions which required recalculation of defendant's criminal history, his robbery sentences were subsequently modified to 100 months, yielding a controlling sentence of 400 months. (Dkt. 297).

In the present motion, Turner argues that his sentence should be reduced in light of the First Step Act's elimination of the "stacking" rule for 18 U.S.C. § 924(c) offenses. That rule provided that contemporaneous convictions for § 924(c) offenses were subject to that statute's multiplier for successive offenses. If the defendant was sentenced for the same crime today, he would have received a sentence of 220 months (100 months for the two robberies, following by consecutive 60 months for each of the two gun counts), rather than the 400 month sentence as originally imposed.

In response, the government argues that pursuant to 28 U.S.C. § 994(a)(2)(C), 28 U.S.C. § 994(t) and 18 U.S.C. § 3582(c)(1)(A), only the Sentencing Commission, and not the courts, can determine what are "extraordinary and compelling reasons" for a sentencing reduction, and that under the statutes only the Bureau of Prisons (BOP) can appropriately define such circumstances.

This court has previously held that First Step Act's radically different sentencing scheme may present indeed an "extraordinary and compelling reason" for reducing a sentence under § 3582. *United States v. O'Bryan*, No. 96-10076-03-JTM, 2020 WL 869475, at *2 (D. Kan. Feb. 21, 2020). As the court determined in that case, while the elimination of the stacking rule was not expressly made retroactive, this meant that the court retained the discretion to determine—on a case-by-case basis—whether a reduction should occur. Other courts similarly have determined that the First Step Act empowers district courts to reduce sentences where necessary to avoid unwarranted disparities. *See United States v. Stewart*, No. 98-40097-01-SAC, 2020 WL 4260637 (D. Kan. July 24,

2020); *United States v. Lavy*, No. 17-20033-JAR, 2020 WL 3218110 (D. Kan. June 15, 2020) *United States v. Beck*, 425 F. Supp. 3d 573, 577-80 (M.D.N.C. 2019); *United States v. Urkevich*, 2019 WL 6037391, at *3 (D. Neb. 2019); *United States v. Cantu*, 423 F.Supp.3d 345, 349-53 (S.D. Tex. 2019). The conclusion that district courts are not constrained by the BOP's definition of "extraordinary and compelling circumstances reflects the "growing consensus of courts across the country." *See United States v. Somerville*, No. 2:12-CR-225-NR, 2020 WL 2781585, at *6 (W.D. Pa. May 29, 2020).

Turner unquestionably engaged in serious and violent criminal conduct. But while the 220 months sentence proposed by Turner represents a substantial reduction from his original sentence, it still reflects extremely severe punishment. Even under the reduced sentence, Franklin will have served over 18 years in prison for the two armed robberies. The court finds that such a sentence is consistent with 18 U.S.C. § 3553(a) and that a reduction to time served is warranted.[2]

---

[2] Turner has submitted Bureau of Prison calculations which would support the conclusion that, with good time credit, a reduction to 220 months would effectively be a time-served sentence. However, the court finds an explicit reduction to time-served is warranted. Turner expressly asked for such a result in his original motion (Dkt. 426, at 22), as acknowledged in the government's response. (Dkt. 434, at 2). That response, as noted above, argues that the court lacks the authority under the First Step Act to reduce Turner's sentence. It does not, however, challenge defendant's calculations as to an appropriate end result, and the court concludes that the present matter is most expeditiously resolved by an order expressly reducing the sentence to time served.

IT IS ACCORDINGLY ORDERED this day of August, 2020, that the defendant's Motion for Compassionate Release (Dkt. 426) is hereby granted such that his term of imprisonment is hereby reduced to time served.

*J. Thomas Marten*
J. Thomas Marten, Judge