IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 99-10023-4-JWB

ROBERT TURNER,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's amended[1] motion to waive restitution interest and request for hearing. (Doc. 474.) The government has filed a response in opposition. (Doc. 475.)[2] For the reasons stated herein, Defendant's motion is DENIED.

**I.  Facts**

Defendant went to trial and was found guilty of armed robbery in violation of 18 U.S.C. § 1951 and knowingly using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). (Docs. 171, 181.) Defendant was sentenced to 510 months. Defendant's sentence was later reduced to 400 months and then, in August 2020, reduced to time served. (Docs. 297, 440.)

Defendant was also ordered to pay $6,016 in restitution to two victims: $516.00 to Food 4 Less and $5,500.00 to Furr's Family Dining. (Doc. 181.) The judgment ordered that interest on the restitution amount be imposed in accordance with 18 U.S.C. § 3612(f). (*Id.* at 6.) Co-Defendant Cornelius Graham was also ordered to pay restitution to those two victims. Both

---

[1] Defendant filed an amended motion to clarify a footnote. (Doc. 474 at 1, n.1.) Defendant's initial motion is therefore denied as moot. (Doc. 473.)
[2] Defendant has failed to file a reply and the time for doing so has now passed.

Defendants were joint and severally liable for that restitution. (Doc. 455.) Defendant made payments toward restitution over several years. At this time, over $6,016 has been paid toward restitution. According to the clerk's office, the remaining balance of $2,712.35 is composed of interest only.[3] (Doc. 465 at ¶ 52.) Because the principal balance has been paid, the remaining balance will no longer accrue interest.

Recently, Defendant appeared for a final hearing on revocation of his supervised release. At the hearing, Defendant admitted to violations, the court revoked supervised release, and sentenced Defendant to 21 months.[4] Defendant now asks the court to modify his restitution order to waive the interest. Defendant asserts that he is unable to pay the outstanding interest and seeks an order from the court waiving the interest requirement.

**II.     Analysis**

Under the Mandatory Victim Restitution Act ("MVRA"), the court must order a defendant to make restitution to the victim of the offense. 18 U.S.C. § 3663A. Pursuant to 18 U.S.C. § 3664, Congress set up a mechanism for the issuance and enforcement of restitution orders. In that statute, Congress provided a means "by which an order of restitution may be altered." *United States v. Wyss*, 744 F.3d 1214, 1217 (10th Cir. 2014). That statute states as follows:

> (o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that--
> (1) such a sentence can subsequently be--
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> (B) appealed and modified under section 3742;
> (C) amended under subsection (d)(5); or
> (D) adjusted under section 3664(k), 3572, or 3613A; or
> (2) the defendant may be resentenced under section 3565 or 3614.

---

[3] The government contends that the outstanding balance is 3,008.76. (Doc. 475 at 2.) The court's finance office's records show a lower amount and the court need not resolve the discrepancy in order to rule on the motion.
[4] Because the issue regarding restitution interest was raised at the hearing, the court stayed the entry of the judgment pending a ruling on this motion.

18 U.S.C. § 3664(o).

Here, Defendant seeks to modify his restitution order pursuant to 18 U.S.C. § 3612(f)(3)(A), which provides that the court may waive an interest requirement on a restitution order "if the court determines that the defendant does not have the ability to pay interest." That statutory provision is not included in § 3664(o). As pointed out by the government, some courts have determined that § 3612(f)(3) is not applicable post-sentencing. *See United States v. Brumfield*, 125 F. Supp. 3d 648, 651 (W.D. Mich. 2015) (discussing cases). However, other courts, including the Fourth Circuit, have determined that a court may waive the interest post-judgment. *See United States v. Perez,* No. 90-CR-546, 2008 WL 4865992, at *1 (N.D. Ill. July 1, 2008); *United States v. Coleman*, 319 F. App'x. 228, 230 (4th Cir. 2009). The Tenth Circuit has not directly addressed this issue.

The court declines to address its authority to modify the interest on the restitution order in this case; even if the court had authority to do so, it would not exercise its discretion and waive the interest ordered by the sentencing judge. In support of his motion, Defendant argues that he does not have the ability to pay the interest because he was incarcerated for the last twenty years, he has missed half a lifetime of employment history and training, and he struggled to keep a job while on supervised release. (Doc. 474 at 6–7.) Defendant further asserts that he will have difficulty obtaining employment after he is released from custody due to his age and lack of employment over the years. In response, the government asserts that Defendant was able to obtain employment on supervised release even during the height of the COVID-19 pandemic. (Doc. 475 at 5–6.)

Although the court does not discredit Defendant's assertion that finding employment may be difficult given his age and criminal history, that assertion can be made by many Defendants who are ordered to pay restitution and statutory interest. Based on his past payments, Defendant

was able to successfully pay towards his restitution. Defendant has not sufficiently shown that he will be unable to make payments on the remaining restitution. Moreover, the amount owed will not continue to accrue interest while he makes payments. The sentencing judge imposed statutory interest in this case and the court declines to exercise its discretion, to the extent it is able to do so, and waive the outstanding interest due.

### III. Conclusion

Defendant's amended motion to waive restitution interest and request for a hearing (Doc. 474) is DENIED. Defendant's motion to waive restitution interest (Doc. 473) is DENIED AS MOOT.

IT IS SO ORDERED. Dated this 10th day of February, 2023.

                                                       s/ John W. Broomes
                                                      JOHN W. BROOMES
                                                      UNITED STATES DISTRICT JUDGE